IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN RODRIGUEZ,

        Plaintiff,                    No. CIV S-07-1756 MCE GGH P

    vs.

COUNTY OF PLACER, et al.,

        Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding through counsel with this civil rights action. For the following reasons, the court recommends that this action be dismissed for plaintiff's failure to prosecute.

<u>Background</u>

        On August 25, 2007, plaintiff, through counsel, filed this civil rights action. Plaintiff took no steps to prosecute this case. Accordingly, on January 22, 2009, the court ordered plaintiff's counsel to show cause why this action should not be dismissed for failure to prosecute. On January 24, 2009, plaintiff's counsel filed a response. Counsel stated that after filing the complaint, she lost contact with plaintiff.

        After reviewing counsel's January 24, 2009, response, on February 3, 2009, the court ordered counsel to file a motion to withdraw within twenty days. The court ordered that

1

during that time, counsel was to serve plaintiff with a copy of the order if she knew his whereabouts. The court then granted plaintiff thirty days from the date of the order to show cause why this action should not be dismissed for the failure to prosecute.

Twenty days passed and counsel did not file a motion to withdraw. Instead, on March 6, 2009, plaintiff's father filed a letter with the court stating that his son is too ill to proceed. Plaintiff's father requests that the court not dismiss this action so that he can look for a lawyer willing to represent plaintiff.

Analysis

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Malonen v. U.S. Postal Serv., 833 F.2d 128, 130-131 (9th Cir. 1987).

The public's interest in the expeditious resolution of litigation clearly favors dismissal. Since the filing of the complaint approximately 1 ½ years ago, plaintiff has taken no steps to prosecute this case. Nothing in the record demonstrates plaintiff's ability to begin prosecuting this case in the near future. For the same reasons, the court's need to manage its own docket favors dismissal. It is difficult to assess the risk of prejudice to defendants as no defendants have been served. However, the delay in the prosecution of this case would most likely prejudice defendants. While the public policy favors disposition of cases on their merits, it does not appear that this case will be resolved on the merits any time soon. Finally, there do not appear to be less drastic alternatives available. The court cannot indefinitely delay resolution of this action so that new counsel can be found.

While plaintiff's father filed a letter with the court, he does not and cannot represent plaintiff in this action. As the record stands, plaintiff is still represented by counsel.

1         Accordingly, for the reasons discussed above, the court recommends that this action be dismissed for plaintiff's failure to prosecute.

        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to prosecute.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: March 17, 2009

        /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

rod1756.fr